UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

MOHAMMAD SOROUSH MAHALATY,

Defendant.

No. 10-cr-547 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

On October 3, 2012, the Court sentenced Defendant Mohammad Soroush Mahalaty to time served (which was one day); to three years of supervised release; and to pay $739,377.31 in restitution, a fine of $5,000, and an assessment of $400. (Doc. No. 38.) Almost nine years later, Soroush filed a letter asking the Court to "direct the government to provide . . . an up-to-date accounting of whether restitution remains owed . . . and if so, in what amount." (Doc. No. 50 at 1.) On March 11, the Court directed the government to respond to Soroush's letter (Doc. No. 51), and the government did so on March 17 (Doc. No. 52). According to the government, Soroush has to date only paid $17,000 of the $744,377.31 he owes and has made no payments since September 2015. (Doc. No. 52 at 1.) The government calculates Soroush's current outstanding liability, including interest, to be $731,046.32. (*Id.*)

Not satisfied with the government's response, Soroush has filed two more letters with the Court. (Doc. Nos. 54, 55). The gist of Soroush's letters is that he believes the victim, Bank of America, may have done something with his debt – e.g., sold it or written it off for tax purposes – or that Bank of America may have been reimbursed by insurance. (Doc. No. 54 at 1–2.) Soroush would like the Court to order the government to determine the status of his debt to Bank of America

and to provide that information to him with the ultimate goal being to reduce his restitution liability.  (Doc. No. 54 at 1–2.)  But the restitution statute is quite clear that "[i]n no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss *from insurance or any other source* be considered in determining the amount of restitution." 18 U.S.C. § 3664(f)(1)(B) (emphasis added).  "Rather, where a third party has already reimbursed the victim's losses, [18 U.S.C.] § 3664(j)(1) simply shifts *payment* of the restitution amount . . . directly to that party." *United States v. Thompson*, 792 F.3d 273, 279 (2d Cir. 2015).  So what, if anything, Bank of America has done with Soroush's debt is entirely irrelevant to what Soroush owes and is not grounds to modify his restitution order.  *See* 18 U.S.C. § 3664(o) (listing grounds for correcting, amending, or adjusting, a restitution order).

      Accordingly, IT IS HEREBEY ORDERED THAT Defendant Mohammad Soroush Mahalaty's letter motions are DENIED.  The Clerk of Court is respectfully directed to terminate the motions pending at Document Numbers 50 and 55.

SO ORDERED.

Dated:     August 9, 2021
              New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation